**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/08/2025
CT Log Number 549820177

## Service of Process Transmittal Summary

**TO:**  Chuck Morici
Ford Motor Company
1 American Rd
Dearborn, MI 48126-2798

**RE:**  **Process Served in Texas**

**FOR:**  Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MICHAEL GARRISON JR. // To: Ford Motor Company |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Certificate, Attachment(s) |
| **COURT/AGENCY:** | 334th Judicial District Court of Harris County, TX<br>Case # 202555102 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - 2022 Ford F-650 truck, VIN:<br>1FDNF6CN2NDF61522 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/08/2025 at 14:18 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration date of 20 days after you<br>were served this citation and petition (Document(s) may contain additional answer<br>dates) |
| **ATTORNEY(S)/SENDER(S):** | BRYAN CHARLES HOLMAN<br>THE WOODLANDS LAW FIRM<br>2219 SAWDUST ROAD, SUITE 803<br>THE WOODLANDS, TX 77380<br>832-626-0116 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/11/2025, Expected Purge Date:<br>08/16/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion,
and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other
information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

EXHIBIT
**D**

Page 1 of  2



**CT Corporation**
**Service of Process Notification**
08/08/2025
CT Log Number 549820177

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Fri, Aug 8, 2025
**Server Name:**                       Drop Service

| Entity Served | FORD MOTOR COMPANY |
|---|---|
| Case Number | 202555102 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
|  |  |  |



# FORD MOTOR COMPANY (is a foreign corporatio.

| Serve By | Speed |
|---|---|
| 4 attempts by August 18th | Standard |

## Servee Information

| | |
|---|---|
| Type | Entity |
| Name | FORD MOTOR COMPANY (is a foreign corporatio. |
| Registered Agent | CT CORPORATION SYSTEM |
| Primary Address | 1999 Bryan Street, suite 900, Dallas, TX 75201 |
| Physical Description | None |
| Additional Notes | None |

## Job Information

| | |
|---|---|
| Job Number: | 1128044 |
| Matter Number/Name | 00547-Garrison |
| Witness Fee | None |
| Subpoena | No |
| Related to an Eviction | No |
| Linked Job(s)? | No |

## Documents List

1. COPY OF PLEADING PROVIDED BY PLT, PLAINTIFF: GARRISON, MICHAEL (JR) VS. DEFENDANT: U-HAUL CO OF ARIZONA INC, PLAINTIFF'S ORIGINAL PETITION
2. PLAINTIFF: GARRISON, MICHAEL (JR) VS. DEFENDANT: U-HAUL CO OF ARIZONA INC

## Client Specifications

| None | None |
|---|---|




# FORD MOTOR COMPANY (is a foreign corporatio.

## Attempt Log

| Date | Description |
|------|-------------|
|      |             |
|      |             |
|      |             |
|      |             |

## Texas Serve Rules

**Notary**
Not Required

**Civil Subpoenas must be personally served**

**Cannot serve on Sundays**

**Return of service must include the date and time when the documents for service were received by the server**

**Return of service must contain the statement below in substantially the same form**
"My name is _____, my date of birth is _____, and (First) (Middle) (Last) my address is _____,

_____,

_____, _____, and (Street) (City) (State) (Zip Code) _____. I declare under penalty of perjury that the foregoing is true and correct. (Country) Executed in _____County, State of _____, on the ____ day of ____, (Month) ____. Year _____." (Declarant)

**INDIVIDUAL**
+ Personal service only upon the servee without an Order for Substitute/Alternative Service signed by the Judge/ Court

**CORPORATION**
+ Registered Agent + Officer + Texas Secretary of State if the Corporation's registered agent cannot be found

**PARTNERSHIP AND PARTNERS**
+ Registered Agent + Any Partner

**LIMITED LIABILITY COMPANY**
+ Registered Agent + Manager + Texas Secretary of if the LLC's registered agent cannot be found

**PUBLIC ENTITY (STATE, COUNTY, CITY, ETC.)**
+ Clerk, secretary, president, presiding officer, or other head of its governing body



CAUSE NO. 202555102

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1062826

EML  TRACKING NO: 74522778

| Plaintiff: | In The 334th |
|---|---|
| GARRISON, MICHAEL (JR) | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| U-HAUL CO OF ARIZONA INC | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:  FORD MOTOR COMPANY (IS A FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET STE 900**
**DALLAS TX 75201**
**OR WHEREVER THEY MAY BE FOUND,**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 4, 2025 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on August 7, 2025, under my hand and seal of said court.

Issued at the request of:

HOLMAN, BRYAN CHARLES
2219 SAWDUST ROAD, SUITE 803

THE WOODLANDS, TX  77380
832-626-0116
Bar Number: 24137329



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE   Houston  Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:BERNITTA BARRETT

Tracking Number: 74522778

)

**CAUSE NUMBER: 202555102**

| | |
|---|---|
| PLAINTIFF: GARRISON, MICHAEL (JR) | In the 334th |
| vs. | Judicial District Court of |
| DEFENDANT: U-HAUL CO OF ARIZONA INC | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.

Fees $_____

_____
By_____
        Affiant                                                    Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20__.


_____
                                        Notary Public

Marilyn Burgess - District Clerk Harris County
Envelope No. 103963102
By: Bernitta Barrett
Filed: 8/4/2025 7:00 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **MICHAEL GARRISON JR.** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **U-HAUL HOLDING COMPANY,** | § | |
| **U-HAUL INTERNATIONAL, INC.,** | § | |
| **U-HAUL CO. OF ARIZONA, AND** | § | |
| **FORD MOTOR COMPANY** | § | |
| *Defendants* | § | **JUDICIAL DISTRICT** |

---

**PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Michael Garrison, Jr., Plaintiff in the above-entitled cause of action, complaining of U-HAUL CO. OF ARIZONA, INC., U-HAUL INTERNATIONAL, INC., U-HAUL HOLDING COMPANY and FORD MOTOR COMPANY(hereinafter referred to as "Defendants"), and files this Original Petition, and in support would respectfully show the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.1.    Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure, Rule 190.4. The nature of this case, involving claims of gross negligence, product liability, and breach of implied warranty against multiple corporate defendants and seeking damages in excess of one million dollars, necessitates the comprehensive discovery afforded by Level 3. Plaintiff make this damage calculation at this time pursuant to Rule 47 of the Texas Rules of Civil Procedure.

## II.
## REQUIRED DISCLOSURES

2.1.    Pursuant to Rule 194.1 of the Texas Rules of Civil Procedure, Defendants are required to disclose the information and material described in Rule 194.2 at or within 30 days after the filing of the first answer.

## III.
## RULE 47 DISCLOSURE

3.1.    Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses and treatment continues. Plaintiff makes this damage calculation, at this time, pursuant to Rule 47 of the Texas Rules of Civil Procedure.

## IV.
## PARTIES

4.1.    Plaintiff Michael Garrison Jr. is an individual residing in Harris County, Texas. The last three digits of Plaintiff's driver's license are 610.

4.2.    Defendant U-HAUL CO. OF ARIZONA, INC., is a foreign corporate entity doing business in the State of Texas and may be served through its registered agent at: C.T. Corporation System, 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012, or wherever they may be found. Plaintiff respectfully request that the citation be issued and that Defendant be served/cited to answer and appear herein.

4.3.    Defendant U-HAUL HOLDING COMPANY is a foreign corporate entity doing business in the State of Texas and may be served with process by serving its registered agent at: C.T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 or wherever they may be found. Plaintiff respectfully request that the citation be issued and that Defendant be served/cited to answer and appear herein.

4.4.    Defendant U-HAUL INTERNATIONAL, INC. is a foreign corporate entity doing business in the State of Texas and may be served through its registered agent at: C.T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 or wherever they may be found. Plaintiff respectfully request that the citation be issued and that Defendant be served/cited to answer and appear herein.

4.5.    Defendant, FORD MOTOR COMPANY, is a foreign corporation that designs, manufactures, markets, and sells motor vehicles throughout the United States, including in the State of Texas. This Defendant may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found. Plaintiff respectfully request that the citation be issued and that Defendant be served/cited to answer and appear herein.

## V.
## MISNOMER/ALTER EGO

5.1.    In the event any Parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such Parties are/were "alter egos" of Parties named herein.

5.2.    Plaintiff reserves all rights under TEXAS RULE OF CIVIL PROCEDURE 28 to substitute the true name, assumed name, and/or common name of any Defendant upon Plaintiff's or the Court's motion.

## VI.
## JURISDICTION

6.1.    The Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds the minimum jurisdictional limits of this Court, as Plaintiff seeks aggregate monetary relief over $1,000,000.00. See Tex. R. Civ. P. 47.

6.2.    This Court has personal jurisdiction over all Defendants because they conduct substantial business in the State of Texas, and the causes of action asserted herein arise, in whole or in part, from their business activities and tortious conduct affecting the State of Texas.

6.3.    Defendant U-Haul Co. of Arizona operates rental locations throughout Texas, including the location at 7022 FM 1960 West, Houston, Texas 77069, where Plaintiff entered into the rental agreement that is the subject of this lawsuit.

6.4.    Defendant U-Haul International, Inc., as the operational parent company of U-Haul Co. of Arizona, directs and controls business operations throughout Texas, including the policies, procedures, and safety standards applicable to the rental transaction and vehicle maintenance at issue in this case.

6.5.    Defendant U-Haul Holding Company (formerly AMERCO), as the ultimate parent company, exercises control over the entire U-Haul enterprise's operations in Texas, including corporate policies regarding fleet safety, maintenance standards, and recall compliance procedures.

6.6.    Defendant Ford Motor Company designs, manufactures, markets, and sells motor vehicles throughout Texas, and specifically sold the subject 2022 Ford F-650 truck into the stream of commerce with knowledge that it would be operated on Texas highways.

## VII.
## VENUE

7.1.    Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Harris County, Texas. Specifically, the rental agreement between Plaintiff and U-Haul Co. of Arizona was executed at the U-Haul location at 7022 FM 1960 West, Houston, Harris County, Texas 77069 on August 5, 2023.

7.2.    The rental contract, which created the legal relationship and duties between the parties, constitutes a substantial part of the events giving rise to Plaintiff's claims for breach of the duty to provide a safe vehicle and failure to ensure compliance with manufacturer safety recalls. The contractual undertaking to provide a safe, properly maintained vehicle occurred in Harris County, making venue proper under § 15.002(a)(1).

7.3.    Additionally, venue is proper under Texas Civil Practice and Remedies Code § 15.002(a)(3) because Harris County is where Defendants U-Haul Co. of Arizona, U-Haul International, Inc., and U-Haul Holding Company have their principal place of business in Texas or conduct substantial business activities, including the rental transaction that forms the basis of this lawsuit.

## VIII.
## FACTS

8.1.    On or about August 5, 2023, Plaintiff Michael Garrison, Jr. rented a 26-foot moving truck from U-Haul Co. of Arizona at the U-Haul store located at 7022 FM 1960 West, Houston, Texas 77069, for the purpose of transporting personal belongings. The subject vehicle was a 2022 Ford F-650 truck, bearing Vehicle Identification Number (VIN) 1FDNF6CN2NDF61522 and Arizona license plate AL 47248 (hereinafter "the Vehicle").

8.2.    The Vehicle was subject to multiple known and documented safety recalls issued by its manufacturer, Defendant Ford Motor Company, for defects that create a substantial risk of under-hood fires. Most critically, on January 26, 2022, Ford issued National Highway Traffic Safety Administration (NHTSA) Safety Recall 22V-013, which specifically identified a manufacturing defect in the Vehicle's underhood secondary fuel filter cap. According to Ford's own recall notice, "a small void may be present in the top center of the vehicle's underhood secondary fuel filter cap" which "can progress to a pinhole... allowing fuel to leak." Ford explicitly warned that "a fuel leak in the presence of an ignition source can increase the risk of a fire and injury to vehicle occupants."

8.3.    Despite this known fire hazard and Ford's explicit warnings, the U-Haul Defendants rented the Vehicle to Plaintiff without ensuring that the mandatory safety recall repairs had been completed, thereby placing a defective and dangerous vehicle into service for public use.

8.4.    In the late evening of August 5, 2023, at approximately 11:30 p.m., Mr. Garrison was lawfully operating the Vehicle, traveling northbound on U.S. Highway 59 in a rural area of Shelby County, Texas. Mr. Garrison's girlfriend, Sarah Bentle, was traveling in a separate vehicle directly behind the U-Haul truck. Both Mr. Garrison and Ms. Bentle were communicating via speakerphone at the time of the incident, providing corroborating real-time accounts of the catastrophic events that unfolded.

8.5.    Suddenly and without warning, the Vehicle suffered a catastrophic mechanical failure consistent with the defect identified in Ford's Safety Recall 22V-013. The engine compartment began to emit heavy smoke, which quickly erupted into a raging fire originating from the fuel system in the underhood area—precisely the type of failure Ford had warned could occur due to the defective secondary fuel filter cap.

8.6.    The fire and resultant system failures caused the Vehicle to become uncontrollable, and it began to swerve violently across the highway. Ms. Bentle, witnessing the terrifying scene unfold from her following vehicle, was forced to swerve her Escalade off the roadway to avoid colliding with the burning truck as it careened across multiple lanes of traffic.

8.7.    The Vehicle ultimately overturned onto its passenger side and skidded along the highway, creating sparks that further fueled the flames. Mr. Garrison was trapped inside the burning cab, facing imminent peril of being burned alive as the fire intensified around him.

8.8.    A courageous passing motorist witnessed the inferno, stopped, and used a fire extinguisher to beat back the flames, allowing Mr. Garrison to escape the cab. Shortly thereafter, the fire reignited, requiring further suppression efforts. The Timpson Volunteer Fire Department responded to the scene and ultimately extinguished the blaze, which originated in the engine compartment.

8.9.    The Texas Peace Officer's Crash Report confirms that the Vehicle "caught fire under the hood," lost control, struck a light pole and road signs, and overturned before coming to rest. The Timpson Volunteer Fire Department Incident Report corroborates that the fire originated in the engine compartment and required substantial emergency response efforts to control.

8.10.   These official reports, combined with the witness testimony of Ms. Bentle and the unknown passing motorist, establish that the fire originated from the exact location and in the exact manner that Ford had identified as a known hazard in its January 26, 2022, safety recall notice.

8.11.   The Vehicle's catastrophic failure was not an isolated incident but rather the manifestation of a pattern of known defects in Ford's 6.7L Power Stroke diesel engine fuel system. Beyond the specific secondary fuel filter cap defect addressed in Recall 22V-013, Ford has issued additional recalls for related fuel system components in the same model line, including high-pressure fuel pump failures that can cause engine power loss and stalling. This pattern of systemic fuel system problems demonstrates Ford's extensive knowledge of the dangerous instability within the Vehicle's fuel delivery architecture.

8.12.   Ford's own engineering modifications and redesigned fuel system components, implemented to address these known fire and failure risks, constitute evidence of safer alternative designs that were technologically and economically feasible at the time the Vehicle was manufactured but were not incorporated into the Vehicle rented to Plaintiff.

8.13.    The catastrophic fire and resulting crash were directly caused by the manifestation of the defect identified in Ford's Recall 22V-013, combined with the U-Haul Defendants' negligent failure to ensure recall compliance before renting the Vehicle to Plaintiff. The underhood fuel leak, progressing from the defective secondary fuel filter cap void to a pinhole as Ford had warned, created the ignition source that resulted in the engine compartment fire, loss of vehicle control, and Mr. Garrison's severe injuries.

## IX.
## CAUSES OF ACTION

### A.    NEGLIGENCE AND GROSS NEGLIGENCE

9.1.    The U-Haul Defendants, as commercial lessors of motor vehicles for public use, owed Plaintiff a non-delegable duty to exercise reasonable care to provide a vehicle that was in a safe operating condition. This duty includes the obligation to properly and reasonably inspect, maintain, and repair their vehicles and to have and implement procedures to ensure compliance with manufacturer safety recalls.

9.2.    The U-Haul Defendants breached their duties to Plaintiff in one or more of the following ways, which constitute negligence:

(a)    Renting the Vehicle to Plaintiff when they knew or, in the exercise of ordinary care, should have known that it was in a dangerous and defective condition, creating an unreasonable risk of fire and harm;

(b)    Failing to adequately and reasonably inspect and maintain the Vehicle's engine, fuel system, and related components;

(c)    Failing to discover and repair the dangerous defect within the Vehicle's fuel system that was the subject of a manufacturer's safety recall;

(d) Failing to have, implement, and/or follow adequate corporate policies and procedures for tracking and ensuring compliance with mandatory safety recalls issued by vehicle manufacturers for their fleet vehicles; and

(e) Failing to warn Plaintiff of the dangerous condition of the Vehicle.

9.3.    The aforementioned acts and omissions, taken individually and collectively, were a proximate cause of the incident and Plaintiff's resulting injuries and damages.

9.4.    **Gross Negligence**. Plaintiff further alleges that the harm he suffered resulted from the gross negligence of the U-Haul Defendants. As defined by Texas Civil Practice and Remedies Code § 41.001(11), "gross negligence" involves an act or omission which, when viewed objectively, involves an extreme degree of risk, and of which the actor has actual, subjective awareness but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

9.5.    The U-Haul Defendants' conduct constitutes gross negligence because they had actual or constructive knowledge of safety recalls issued by Ford Motor Company for fire-related defects in their F-650 trucks. Their failure to have and/or implement a system to ensure this specific Vehicle was repaired pursuant to the recall, or to remove it from service, demonstrated a conscious indifference to the extreme risk of a catastrophic fire and the high probability of serious injury or death to their customers. This conduct justifies an award of exemplary damages.

9.6.    **Respondeat Superior/Vicarious Liability**. Defendants U-Haul Holding Company and U-Haul International are vicariously liable for the negligence and gross negligence of their subsidiary and agent, U-Haul Co. of Arizona, under the doctrine of respondeat superior. Furthermore, these parent entities are directly liable for their own negligence in failing to establish, implement, and

enforce adequate system-wide safety, maintenance, and recall-compliance policies for their entire vehicle fleet.

## B.   STRICT PRODUCTS LIABILITY – MANUFACTURING AND DESIGN DEFECT (AGAINST FORD MOTOR COMPANY)

9.7.   Defendant Ford Motor Company is strictly liable for the injuries and damages caused to Plaintiff because it designed, manufactured, and sold the Vehicle in a defective and unreasonably dangerous condition.

9.8.   **Manufacturing Defect**. The Vehicle was defective when it left Ford's possession and control due to a manufacturing defect. Specifically, upon information and belief, the Vehicle's underhood secondary fuel filter cap was manufactured with a void that could progress to a pinhole, allowing fuel to leak in the engine compartment, as identified in National Highway Traffic Safety Administration (NHTSA) Safety Recall 22V-013. This defect rendered the Vehicle unreasonably dangerous and was a producing cause of the fire and Plaintiff's injuries.

9.9.   **Design Defect.** The Vehicle's fuel system and related components were defectively designed, rendering the vehicle unreasonably dangerous. Pursuant to Texas Civil Practice and Remedies Code § 82.005, a safer alternative design existed at the time of manufacture. Evidence of this safer alternative design includes, but is not limited to, the redesigned fuel pump and components that Ford itself implemented to remedy known fire and failure risks in its 6.7L diesel engines. This defective design was a producing cause of the fire and Plaintiff's injuries.

9.10.   **Failure to Warn**. Defendant Ford failed to provide adequate warnings or instructions regarding the latent fire hazard associated with the Vehicle's defective fuel system, even after it

knew or should have known of the danger. This failure to warn was a producing cause of Plaintiff's injuries.

## C.   BREACH OF IMPLIED WARRANTIES

9.11.   Defendants, by placing the Vehicle into the stream of commerce through manufacture and lease, impliedly warranted that the Vehicle was merchantable and fit for the ordinary purposes for which such vehicles are used, namely, safe transportation. Defendants breached this warranty because the Vehicle was not fit for its ordinary purpose; it was defective, unreasonably dangerous, and prone to catastrophic fire. This breach was a proximate cause of Plaintiff's damages.

### X.
### CONDITIONS PRECEDENT

10.1.   Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff affirmatively pleads that all conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

10.2.   To the extent any statutory or contractual notice requirements may apply to any claims asserted herein, Plaintiff represents that all such notices have been given in compliance with applicable law. However, to the extent any court determines that additional notice was required but not properly given, Plaintiff agrees to abate this lawsuit for the statutorily required notice period to allow Defendants the full benefit of any notice opportunity, provided that such abatement shall not prejudice Plaintiff's right to pursue all claims filed herein within the applicable statute of limitations period.

10.3.   Plaintiff expressly states that the filing of this action on August 4, 2025, is necessary to preserve all claims within the applicable limitations periods, and any agreement to abate shall be conditioned upon Defendants' waiver of any statute of limitations defense that might arise during the abatement period.

# XI.
## PRESERVATION OF EVIDENCE

11.1.   Plaintiff hereby provides IMMEDIATE NOTICE and FORMAL DEMAND that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom. This preservation obligation is NON-DELEGABLE and applies to all Defendants, their subsidiaries, affiliates, agents, employees, representatives, successors, assigns, and any third parties acting on their behalf.

11.2.   **Physical Evidence** - Defendants are IMMEDIATELY REQUIRED to preserve, without alteration, modification, destruction, or disposal:

(a)   The Vehicle and All Components: The complete physical wreckage of the 2022 Ford F-650 truck (VIN: 1FDNF6CN2NDF61522), including but not limited to:

(b)   The engine block, fuel system, and all related components

(c)   The secondary fuel filter cap identified in NHTSA Recall 22V-013

(d)   All underhood components and wiring harnesses

(e)   Any remaining fuel system components, pumps, and filters

(f)   The vehicle's frame, cab, and all damaged portions

(g)   All debris and component fragments recovered from the crash scene

11.3.   **Electronic Data and Control Modules**: All electronic devices and data storage components, including:

(a)   Event Data Recorder (EDR) and all stored crash data

(b)   Powertrain Control Module (PCM) and all diagnostic codes

(c)   Any other electronic control units (ECUs) containing operational data

    (d)   GPS tracking devices and route/location data

    (e)   Any telematics or fleet management system data.

11.4.   **Documentary Evidence** - The U-Haul Defendants must preserve all documents, records, and data in any format, including:

    (a)   Vehicle-Specific Records for VIN 1FDNF6CN2NDF61522:

        (1)  Complete maintenance history and inspection records ("jacket file")

        (2)  All repair orders, work orders, and service documentation

        (3)  Pre-rental inspection checklists and safety verification records

        (4)  All recall-related documentation and compliance records

        (5)  Purchase records, manufacturer communications, and warranty claims

        (6)  Any incident reports or customer complaints regarding this specific vehicle

    (b)   Corporate Policies and Procedures:

        (1)  All policies, procedures, and training materials regarding safety recall compliance

        (2)  Fleet management protocols and vehicle inspection standards

        (3)  Corporate communications regarding NHTSA Recall 22V-013 or related Ford defects

        (4)  All internal memos, emails, or communications regarding fire-related incidents in the fleet

        (5)  Risk management assessments and safety committee meeting minutes

        (6)  Insurance claims and incident reports for similar vehicle fires in the U-Haul fleet

    (c)   Electronic Data and Communications:

        (1)  All emails, text messages, and electronic communications regarding the Vehicle

        (2)  Database records, fleet management system data, and tracking information

        (3)  All computer files, backup tapes, and archived electronic data

        (4)  Surveillance footage from the rental location on August 5, 2023

11.5.  **Documentary Evidence** - Ford Motor Company must preserve all documents and data relating to:

    (a)  **Design and Manufacturing Records**:

        (1)  All engineering drawings, specifications, and design documents for the 2022 F-650 fuel system

        (2)  Manufacturing records and quality control data for VIN 1FDNF6CN2NDF61522

        (3)  All testing data, failure analysis reports, and engineering assessments of the secondary fuel filter cap

        (4)  Design validation reports and safety analysis documentation

    (b)  Recall-Related Documentation:

        (1)  All documents related to the investigation, analysis, and issuance of NHTSA Recall 22V-013

        (2)  Field reports, warranty claims, and customer complaints regarding fuel system fires

        (3)  Communications with NHTSA and other regulatory agencies

        (4)  All internal communications regarding the decision to issue the recall

      (5)  Post-recall monitoring reports and effectiveness assessments

   (c)  Pattern Evidence:

      (1)  All warranty claims, field reports, and incident reports involving under-hood fires in 2021-2022 F-650 trucks

      (2)  Technical service bulletins and engineering change notices for the 6.7L diesel fuel system

      (3)  All documents related to other fuel system recalls in the Super Duty product line

11.6.  Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve, maintain, and place a litigation hold on the same. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

## XII.
## NOTICE OF AUTHENTICATION OF DOCUMENTS

12.1.  Plaintiff hereby provides actual notice to Defendants and other parties that Plaintiff Garrison will use any or every document produced by any and all other parties in response to written discovery in a pretrial proceeding or at trial. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant's production of a document in response to written discovery authenticates the document for use against Defendant unless – within ten (10) days or a longer or shorter time ordered by the Court – Defendant objects to the authenticity of the document, or any part of it, stating the specific basis for his objection. An objection must be either on the record or in writing and must have a good-faith, factual, and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## XIII.
## DAMAGES

13.1.   As a direct and proximate result of the Defendants' wrongful conduct, negligence, gross negligence, and the defective condition of the Vehicle, Plaintiff Michael Garrison, Jr., has suffered and will continue to suffer severe and permanent damages. Plaintiff seeks monetary relief for all damages allowed under Texas law, including but not limited to:

(a)   Reasonable and necessary medical expenses incurred in the past;

(b)   Reasonable and necessary medical expenses that will, in all reasonable probability, be incurred in the future;

(c)   Physical pain and suffering endured in the past;

(d)   Physical pain and suffering that will, in all reasonable probability, be endured in the future;

(e)   Mental anguish endured in the past;

(f)   Mental anguish that will, in all reasonable probability, be endured in the future;

(g)   Loss of income and wages in the past;

(h)   Loss of earning capacity that will, in all reasonable probability, be sustained in the future;

(i)   Physical impairment in the past and future;

(j)   Disfigurement in the past and future; and

(k)   Loss of enjoyment of life.

13.2.   **Exemplary Damages.** Based on the clear and convincing evidence of the U-Haul Defendants' gross negligence, Plaintiff seeks exemplary damages pursuant to Chapter 41 of the

Texas Civil Practice and Remedies Code to punish such conduct and to deter these Defendants and others from similar conduct in the future.

## XIV.
## JURY DEMAND

14.1.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully request and demand a trial by jury. The appropriate jury fee will be tendered after the filing of this pleading.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Michael Garrison, Jr. respectfully prays that Defendants be cited to appear and answer herein, and that upon a final trial of this cause, Plaintiff have and recover judgment against Defendants U-HAUL HOLDING COMPANY, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF ARIZONA, and FORD MOTOR COMPANY jointly and severally, for:

    (a)    Actual and compensatory damages in an amount over $1,000,000.00;

    (b)    Exemplary damages in an amount to be determined by the jury;

    (c)    Pre-judgment and post-judgment interest at the maximum rate allowed by law;

    (d)    Costs of court; and

    (e)    All other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

THE WOODLANDS LAW FIRM

By: _____

Bryan Holman
State Bar No. 24137329

bryan@woodlands.law

RMS LAW FIRM

Raul Martinez
State Bar No. 24140128
raul@rmslawfirm.com
9111 Katy Fwy STE 300
Houston, Texas 77024
Telephone: (713) 979-0011

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Bryan Holman on behalf of Bryan Holman
Bar No. 24137329
bryan@woodlands.law
Envelope ID: 103963102
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 8/5/2025 8:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raul Martinez | | raul@rmslawfirm.com | 8/4/2025 7:00:36 PM | NOT SENT |
| Bryan Holman | | bryan@woodlands.law | 8/4/2025 7:00:36 PM | NOT SENT |
| The Woodlands Law Firm Eserve | | admin@woodlands.law | 8/4/2025 7:00:36 PM | NOT SENT |