**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL GARRISON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-4055 |
| | § | |
| FORD MOTOR COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This dispute arises from a crash involving a Ford F-650 truck rented from a U-Haul store in Houston, Texas.  The plaintiff, Michael Garrison, Jr., has filed a motion for leave to file a second amended complaint.  (Docket Entry No. 25).  Three of the defendants—U-Haul International, Inc.; U-Haul Holding Company, Inc.; and U-Haul Co. of Arizona—have filed motions to dismiss for lack of personal jurisdiction.  (Docket Entry Nos. 6, 7, 8).  Based on the pleadings, the motions, the record, oral argument, and the applicable law, the court denies the motion for leave to file a second amended complaint and grants the motions to dismiss for lack of personal jurisdiction. This case will proceed against the remaining defendant, Ford Motor Company.  The reasons for these rulings are explained below.

I.     **Background**

This products liability and negligence action arises from a crash involving a truck rented from U-Haul.  Garrison alleges[1] that on August 5, 2023, he rented a 26-foot moving truck from U-

---

[1] The relevant facts are taken from the original state court petition.  As the defendants explain, although Garrison has also filed a first amended petition, that amended petition did not alter the relevant factual and legal allegations.  It added only the states of incorporation and principal places of business of the U-Haul defendants and was filed after the case had been removed to federal court.  (Docket Entry No. 8-1 at 1 n.1).

Haul Co. of Arizona at the U-Haul store located at 7022 FM 1960 West, Houston, Texas 77069. (Docket Entry No. 8-2 ¶ 8.1).  The vehicle was a 2022 Ford F-650 truck with an Arizona license plate.  (*Id*.).  Garrison alleges that, before the rental, Ford had issued multiple safety recalls for defects creating a substantial risk of under-hood fires.  The recalls included NHTSA Safety Recall 22V-013, which addressed a manufacturing defect in the under-hood secondary fuel filter cap that could allow fuel to leak, causing a risk of fire if exposed to an ignition source. (*Id*. ¶ 8.2).  Garrison alleges that the U-Haul defendants rented the truck to him without ensuring that the recall repairs had been completed.  (*Id*. ¶ 8.3).

On the night of August 5, 2023, Garrison was driving the truck on the highway when the engine compartment began emitting heavy smoke and caught fire.  (*Id*. ¶¶ 8.4–8.5).  The fire appeared to start in the under-hood fuel-system area.  (*Id*. ¶ 8.5).  The fire and resulting system failures caused the truck to swerve violently, roll onto the passenger side, and skid along the highway while Garrison was trapped inside the burning cab.  (*Id*. ¶¶ 8.6–8.7).  A passing motorist stopped and controlled the flames with a fire extinguisher long enough for Garrison to escape.  (*Id*. ¶ 8.8).  Fire department volunteers later extinguished the blaze.  (*Id*.).  The incident crash report states that the truck "caught fire under the hood," hit a light pole and road signs, and overturned. (*Id*. ¶ 8.9).  The fire department report corroborates that the fire originated in the engine compartment.  (*Id*.).  Garrison alleges that these reports and witness accounts show that the fire was consistent with the defect that Ford had identified in its January 26, 2022, recall notice.  (*Id*. ¶ 8.10).

Garrison filed his original petition in state court on August 4, 2025, one day before the two-year anniversary of the crash.  (*Id*. at 2).  The petition named U-Haul Holding Company, U-Haul

International, Inc., U-Haul Co. of Arizona, and Ford Motor Company as defendants and sought more than $1,000,000 in damages. (*Id*. at 4, ¶ 6.1). The petition asserted negligence and gross negligence claims against the U-Haul defendants, strict products liability claims against Ford, and breach-of-implied-warranty claims against all defendants. (*Id*. ¶¶ 9.1–9.11).

The original petition alleged personal jurisdiction over all defendants on the grounds that they conducted substantial business in Texas and that the claims arose, in whole or in part, from their Texas business activities and tortious conduct affecting Texas. (*Id*. ¶ 6.2). As to U-Haul Co. of Arizona, Garrison alleged that it operated rental locations throughout Texas, including the location where Garrison signed the rental agreement. (*Id*. ¶ 6.3). As to U-Haul International, Inc., Garrison alleged that it was the parent company of U-Haul Co. of Arizona and directed and controlled U-Haul business operations in Texas, including the policies, procedures, and safety standards relevant to the rental transaction and vehicle maintenance. (*Id*. ¶ 6.4). As to U-Haul Holding Company, Garrison alleged that it was the ultimate parent company and controlled the U-Haul enterprise's Texas operations, including corporate policies on fleet safety, maintenance standards, and recall compliance. (*Id*. ¶ 6.5).

Ford removed to this court in August 2025. (Docket Entry No. 1). On September 12, 2025, U-Haul International, U-Haul Holding Company, and U-Haul Co. of Arizona separately moved to dismiss for lack of personal jurisdiction. (Docket Entry Nos. 6, 7, 8). In response to U-Haul Co. of Arizona's motion to dismiss, Garrison argued that it had contracted with him in Texas and rented him a vehicle for use on Texas roads. (Docket Entry No. 9 at 3). Several months later, in January 2026, Garrison moved for leave to file a second amended complaint under Rules 15(a)(2) and 15(c), seeking to substitute U-Haul Co. of Texas for U-Haul Co. of Arizona. (Docket Entry

3

No. 25 at 1). Garrison stated that "[s]ubsequent investigation, discovery, and Defendants' pending motions" had clarified that U-Haul Co. of Texas was the proper entity that "owned, operated, and controlled" the Houston rental location. (*Id.* at 2). U-Haul Holding Company, U-Haul International, U-Haul Co. of Arizona, and Ford Motor Company opposed the motion for leave. (Docket Entry Nos. 30, 31). The court heard oral argument on the pending motions. (Docket Entry No. 34). The issue is ripe for decision.

## II.     The Legal Standards

### A.  Leave to Amend

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). Rule 15(c)(1)(A) and Rule 15(c)(1)(C) present two ways that a plaintiff amending to change a defendant's name can assert the claims against the newly named defendant and have them relate back to the original complaint. First, an amendment relates back if "the law that provides the applicable statute of limitations" permits it. FED. R. CIV. P. 15(C)(1)(A). If state law provides the statute of limitations and "affords a more forgiving principle of relation back than the one provided in th[e] rule," the state law applies. *See* FED. R. CIV. P 15(C) advisory committee's note to Paragraph (c)(1) of the 1991 amendment.

The second way that an amendment may relate back is under Rule 15(c)(1)(C). Rule 15(c)(1)(C) applies when an amendment concerns a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading and when "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(C)(1)(C). "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541. The plaintiff bears the burden of proof to show an amended complaint relates back under Rule 15(c) and must demonstrate that the defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Al-Dahir v. FBI*, 454 F. App'x 238, 242 (5th Cir. 2011) (quoting FED. R. CIV. P. 15(C)(1)(C)).

### B. Personal Jurisdiction

The plaintiff has the burden to establish the court's personal jurisdiction over the defendants. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* If the court rules on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff must make only a prima facie showing of personal jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Id.* (quoting reference omitted). The district court is not required "to credit conclusory allegations,

even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). The Texas long-arm statute confers jurisdiction to the limits of due process, so these two inquiries merge. *Johnston*, 523 F.3d at 609. Due process permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting reference omitted).

## III.   Analysis

### A.   Relation Back

The Texas law providing the applicable limitations period does not allow relation back under Rule 15(c)(1)(A). *See* TEX. CIV. PRAC. & REM. CODE § 16.003(A); *Balle v. Nueces County*, 952 F.3d 552, 557 (5th Cir. 2017) ("Section 16.003(a) of the Texas Civil Practice and Remedies Code, which establishes the two-year limitations period for personal injury suits, is silent on the issue of tolling and relation back."). The question before the court is whether Garrison has met his burden under Rule 15(c)(1)(C).

Rule 15(c) states:

(c) RELATION BACK OF AMENDMENTS.
> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(C). For his pleading amendment to relate back, Garrison must show that within the Rule 4(m) period, U-Haul Co. of Texas received such notice of the action that it would not be prejudiced in defending on the merits and that it knew or should have known that the action would have been brought against it within the Rule 4(m) period but for a mistake concerning the proper party's identity. *See id*.

A mistake under Rule 15(c)(1)(C)(ii) may encompass a lack of knowledge or misunderstanding of the proper party's identity or role in the transaction. *See Krupski*, 560 U.S. at 549 ("[A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression."). Garrison states that "[s]ubsequent investigation, discovery, and Defendants' pending motions have clarified that the proper entity that owned, operated, and controlled the Houston rental location is U-Haul Co. of Texas." (Docket Entry No. 25 at 2). Garrison's original state court filings make clear that he intended to sue the company that operated the Houston U-Haul rental facility. (Docket Entry No. 8-2 ¶¶ 6.3, 8.1). He has explained that he mistakenly believed that he rented the vehicle from

U-Haul Co. of Arizona, not U-Haul Co. of Texas, based on the vehicle's registration and the rental documents available to him. (Docket Entry No. 25 at 1–2). "That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied."[2] *Krupski*, 560 U.S. at 549. Garrison named U-Haul Co. of Arizona as the defendant because of a mistake in identity that qualifies under Rule 15(c)(1)(C)(ii).

However, Garrison has failed to meet his burden of showing that, despite his mistake, U-Haul Co. of Texas had sufficient notice of the suit. Garrison must show both mistake and notice for the court to apply relation back. Meeting one prong of the Rule 15(c)(1)(C) requirements is insufficient. *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (noting that "both" the notice and mistake elements "must be satisfied"); *see, e.g.*, *Kennemer v. Denton County*, No. 4:20-CV-00080-RAS-CAN, 2022 WL 4459881, at *12 (E.D. Tex. Aug. 24, 2022) ("However, even if Plaintiff had shown the LaSalle Defendants received notice through Denton County, notice and mistake of identity are both requirements for relation back under Rule 15(c), so showing notice alone is not enough.").

In Garrison's motion for leave to file his second amended complaint, he states that "U-Haul Co. of Texas received actual or constructive notice of this action within the Rule 4(m) period through shared counsel and its parent entities and will not be prejudiced in defending this action

---

[2] To the extent that the U-Haul defendants argue that Garrison was aware of U-Haul Co. of Texas but continued to plead his case against U-Haul Co. of Arizona, (Docket Entry No. 30 at 9), that is irrelevant to the "mistake" analysis. *See Krupski*, 560 U.S. at 549 ("We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake."). Because the court concludes on the facts Garrison already provided in his motion and pleading that he had sufficiently shown a mistake, it need not review his supplemental evidence, which was provided to the court after oral argument. (Docket Entry No. 32). In any event, the court denies the motion to strike the supplemental evidence on technical procedural grounds. (Docket Entry No. 33).

on the merits." (Docket Entry No. 25 at 5). A conclusory allegation that a party received notice is insufficient. Garrison has not provided facts demonstrating that U-Haul Co. of Texas had notice that meets the Rule 15(c) requirement.

A court may impute notice "based on shared legal counsel when the originally named party and the new party are represented by the same attorney." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 947 (S.D. Tex. 2013); *see also Jacobsen*, 133 F.3d at 320; *Sanders–Burns v. City of Plano*, 594 F.3d 366, 378 (5th Cir. 2010); *Barkins v. Int'l Inns, Inc.*, 825 F.2d 905, 907 (5th Cir. 1987). To impute notice via a "shared attorney," the same lawyer or law firm must represent both the originally named defendant and the later-added defendant during the Rule 4(m) period, making it reasonable to assume that notice would be communicated to the new party. *See Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 189–90 (3d Cir. 2001). In *Singletary*, the record did not show that counsel for the defendants also represented the later-added individual within that period. *Id*. As a result, notice could not be imputed. *Id*. ("The plaintiff cannot avail herself of the 'shared attorney' method of imputing notice to Regan because the defendants' attorney was not assigned to this case until after the relevant notice period under Rule 15(c)(3)."). The identity of the counsel for U-Haul Co. of Texas is unknown.[3] Garrison cannot rely on shared legal counsel to impute notice.

The court may also impute notice to a proposed added or substituted defendant "if there is an identity of interest between the original defendant and the defendant sought to be added or substituted." *Jacobsen*, 133 F.3d at 320. "Identity of interest generally means that the parties are

---

[3] Garrison has provided no basis for this court to assume that, because all three current U-Haul defendants share the same private counsel, U-Haul Co. of Texas already shares the same counsel, too; he merely alleges (with no evidence) that U-Haul Co. of Texas shares counsel with the current U-Haul defendants. (Docket Entry No. 25 at 2).

9

so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id*. (quoting *Kirk v. Cronvich*, 629 F.2d 404, 408 n.4 (5th Cir. 1980)). "[T]o establish the identity of interest exception to the relation back rule . . . [t]he two businesses must have organized or conducted their activities in a manner that strongly suggests a close linkage." *In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1025–26 (2d Cir. 1989). Garrison asserts that because (1) "U-Haul Co. of Texas shares an identity of interest with the existing U-Haul defendants," (2) are "represented by the same counsel," and (3) the "parent entities" received notice, U-Haul Co. of Texas received notice, (Docket Entry No. 25 at 5), but provides no argument or evidence to support that conclusion.

To the extent that Garrison's notice argument hinges on a parent-subsidiary relationship between U-Haul Co. of Texas and two of the existing U-Haul defendants, a parent-subsidiary relationship "standing alone is simply not enough." *In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d at 1025. The factors that allow the imputation of notice through an identity of interest include shared counsel, shared officers, a shared address, and shared corporate representatives. *See id*.; *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 954–55 (S.D. Tex. 2013); *Norton v. Int'l Harvester Co.,* 627 F.2d 18, 21–22 (7th Cir. 1980) (noting that an identity of interests is frequently established when the original and added parties are related corporations with substantially similar officers and directors, shared office space, and similar names); *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102–03 (1st Cir. 1979) ("The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors or shareholders are substantially identical and who have similar names or share office space, past and present forms

10

of the same enterprise, or co-executors of an estate."). None of those factors are alleged or proven here.

Garrison has not met his burden under Rule 15(c)(1)(C). The court denies the motion for leave to file a second amended complaint.[4] (Docket Entry No. 25).

### B. Personal Jurisdiction

A federal court may exercise personal jurisdiction over a nonresident defendant if a long-arm statute exists that authorizes the exercise of jurisdiction over the defendant and the exercise of jurisdiction is consistent with the due process clause. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The Texas long-arm statute authorizes the exercise of jurisdiction to the maximum extent permitted by the due process clause. *Johnston*, 523 F.3d at 609.

A defendant is subject to general personal jurisdiction only if the defendant is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Business entities are essentially at home in their state of organization and in the state wherein they have their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). There is no dispute that this court does not have general personal jurisdiction over any of the U-Haul defendants. (*See generally* Docket Entry No. 9).[5]

---

[4] Because U-Haul Co. of Texas cannot be brought in under Rule 15(c), the court does not need to address the *Hensgens* factors.

[5] Garrison's response brief does not address general personal jurisdiction and instead asserts only that "the court has specific jurisdiction over U-Haul Co. of Arizona" and that the other U-Haul defendants are parent companies that control operations in Texas. (Docket Entry No. 9 at 3, 4 (capitalizations omitted). The proposed second amended complaint—like the alleged first amended complaint, which is not in the record because it was filed in state court after removal, (Docket Entry No. 8-1 at 1 n.1)—also clarifies that none of the U-Haul defendants are incorporated in Texas or have their principal place of business in Texas. (Docket Entry No. 25-1 ¶¶ 1.3–1.5). There is no general personal jurisdiction over any defendant.

Specific personal jurisdiction exists when the defendant has a contact or contacts with the forum state, the lawsuit arises out of or relates to these contacts, and maintenance of the suit is reasonable. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Micromedia v. Automated Broad. Controls*, 799 F.2d 230, 233 (5th Cir. 1986). The Fifth Circuit uses a three-step test to determine whether a court may exercise specific personal jurisdiction over a nonresident defendant:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024) (quoting *E. Concrete Materials*, 948 F.3d 289, 296 (5th Cir. 2020)). A plaintiff bears the burden of establishing personal jurisdiction over a nonresident defendant. *See Johnston*, 523 F.3d at 609. To carry this burden, a plaintiff must offer more than mere conclusory allegations; such allegations, even if true, remain "insufficient to establish a prima facie case for jurisdiction" over a nonresident defendant. *See Panda Brandywine Corp.*, 253 F.3d at 869; *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart*, 772 F.2d at 1192.

As the basis for the court's exercise of specific personal jurisdiction over the two alleged parent companies, Garrison alleges that U-Haul International, "as the 'operational parent company,' directs and controls business operations throughout Texas, including the policies and safety standards at issue." (Docket Entry No. 9 at 4). Garrison further alleges that U-Haul Holding Company, "the 'ultimate parent company,' exercises control over the entire U-Haul enterprise's

12

operations in Texas." (*Id*.).  The Fifth Circuit has held that "[a]s a general rule, however, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (collecting cases).  "[T]he presumption of institutional independence of related corporate entities may be rebutted by 'clear evidence,' which requires a showing of 'something beyond' the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident." *Id*. (quoting *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)).

The court considers the following inexhaustive factors to determine if the plaintiff has sufficiently rebutted this presumption:

> (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.

*Id*.  The only evidence Garrison proffers to establish that the U-Haul defendants operate as single corporate entity is a copy of U-Haul Holding Company's 2025 Annual Report and SEC filings showing that U-Haul Co. of Texas is among U-Haul Holding Co.'s subsidiaries.[6]  (Docket Entry Nos. 11-1, 13-1, 13-2).  These filings do not overcome the presumption of corporate separateness.

---

[6] The 2025 Annual Report was provided in support of Garrison's sur-reply.  Garrison later filed for leave to file the sur-reply because he did not obtain permission to file the sur-reply directly on the docket.  (Docket Entry No. 12).  He also filed a motion for judicial notice of the various SEC forms, which the defendants oppose.  (Docket Entry Nos. 13, 15).  The court grants the motion for leave to file a sur-reply (which does not change the court's analysis) and grants in limited part the motion for judicial notice; the court has considered the SEC filings only to the extent that, even assuming the court could consider them for the purposes that Garrison requests (that U-Haul Co. of Texas is a subsidiary of U-Haul Holding Co.), such facts still fail to establish that this court has personal jurisdiction over either of the alleged parent companies.

*Freudensprung*, 379 F.3d at 346–47 (noting the plaintiff's submission of SEC filings and holding that "[w]hile such documents might arguably establish the existence of some corporate relationship between WWAI and the other Willbros entities, they are insufficient to overcome the presumption of corporate separateness.").

Because Garrison has not overcome this presumption, he must show that each U-Haul defendant has sufficient contacts with Texas to establish personal jurisdiction.    U-Haul International provided an affidavit from E. Martin Fisher-Haydis, the company's assistant secretary, stating that U-Haul International is not registered to do business in Texas; does not have an office, registered agent, or agent to accept service of process in Texas; does not conduct business or maintain a place of business in Texas; does not design, lease, or sell equipment, products, storage space, or vehicles in Texas; does not lease or own any real or personal property in Texas; does not have a Texas telephone number, mailing address, bank account, or taxpayer identification number; does not hold any Texas licenses; does not have employees or agents in Texas; was not involved in operating the property that rented the vehicle involved in the incident; and did not train any employees who worked at the property.[7]  (Docket Entry No. 6-3).  Garrison has not rebutted this evidence.  U-Haul International does not have sufficient minimum contacts with Texas.

U-Haul Holding Company provided a similar affidavit from Stephen R. Winkelman, the company's assistant secretary.  (Docket Entry No. 7-3).  Winkelman testified that U-Haul Holding

---

[7] In reviewing a motion to dismiss for lack of personal jurisdiction, "[t]he Court will take all uncontroverted allegations of the complaint as accurate.  However, where allegations are controverted by the defendant's affidavits, we must look to the plaintiff's affidavits.  All conflicts in the facts asserted in the affidavits are resolved in favor of the plaintiff.  If, however, the defendant has asserted facts in their affidavits that are only disputed by the plaintiffs' allegations, not supported by facts in an affidavit, then the defendant's assertions are taken as fact."  *Pace v. Cirrus Design Corp.*, 636 F. Supp. 3d 714, 720 (S.D. Miss. 2022), *aff'd*, 93 F.4th 879 (5th Cir. 2024).

Company is not registered to do business in Texas; does not have an office, registered agent, or agent to accept service of process in Texas; does not conduct business or maintain a place of business in Texas; does not design, lease, or sell equipment, products, storage space, or vehicles in Texas; does not lease or own any real or personal property in Texas; does not have a Texas telephone number, mailing address, bank account, or taxpayer identification number; does not hold any Texas licenses; does not have employees or agents in Texas; was not involved in operating the property that rented the vehicle involved in the incident; and did not train any employees who worked at the property. (*Id.*). U-Haul Holding Company does not have minimum contacts with Texas that justify personal jurisdiction.

Finally, Garrison has not shown minimum contacts with Texas for U-Haul Co. of Arizona. Garrison alleged in his response to the motion to dismiss that specific personal jurisdiction exists because he rented the truck from U-Haul Co. of Arizona, (Docket Entry No. 9 at 3–4), but later admitted that the proper defendant is U-Haul Co. of Texas, not U-Haul Co. of Arizona, (Docket Entry No. 25 at 3). U-Haul Co. of Arizona provided an affidavit from Fisher-Haydis stating that U-Haul Co. of Arizona is not registered to do business in Texas; does not have an office, registered agent, or agent to accept service of process in Texas; does not conduct business or maintain a place of business in Texas; does not design, lease, or sell equipment, products, storage space, or vehicles in Texas; does not lease or own any real or personal property in Texas; does not have a Texas telephone number, mailing address, bank account, or taxpayer identification number; does not hold any Texas licenses; does not have employees or agents in Texas; was not involved in operating the property that rented the vehicle involved in the incident; and did not train any employees who

worked at the property. (Docket Entry No. 8-3). U-Haul Co. of Arizona does not have sufficient minimum contacts with Texas for a Texas court to exercise personal jurisdiction over it.

Because none of the U-Haul defendants have sufficient minimum contacts in Texas, the court does not need to address "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts" or "whether the exercise of personal jurisdiction is fair and reasonable." *Shambaugh & Son, L.P.*, 91 F.4th at 376; *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314–15 (5th Cir. 2007); *Seattle Cell Mkt., LLC v. M. Segue Corp.*, No. 1:24-CV-1223-DAE, 2025 WL 1914866, at *4 (W.D. Tex. Apr. 29, 2025); *United Servs. Auto. Ass'n v. New Day Fin., LLC*, No. SA-17-CV-759-OLG, 2018 WL 1899807, at *2 (W.D. Tex. Mar. 8, 2018), *report and recommendation adopted*, 2018 WL 1905113 (W.D. Tex. Mar. 27, 2018).

The court denies Garrison's alternative request for jurisdictional discovery.[8] (Docket Entry No. 11 at 4). A court may grant jurisdictional discovery when the plaintiff makes a "'preliminary showing of jurisdiction' over a defendant." *Harvest Nat. Res., Inc. v. Garcia*, No. 18-CV-483, 2018 WL 2183968, at *2 (S.D. Tex. 2018) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). A preliminary showing is "less than a prima facie showing []," *id.*, but jurisdictional discovery is not appropriate absent a preliminary showing that jurisdiction exists and that the discovery sought would add significant facts to the jurisdictional determination. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). Because Garrison has failed to make a preliminary showing of personal jurisdiction, and because jurisdictional discovery is not appropriate here, the court denies the request.

---

[8] The general basis for the jurisdictional discovery request is that Garrison wants to "uncover the truth behind the corporate shell game Defendants are playing." (Docket Entry No. 11 at 4).

The court grants defendant U-Haul International, Inc.'s, U-Haul Holding Company's, and U-Haul Co. of Arizona's motions to dismiss for lack of personal jurisdiction. (Docket Entry Nos. 6, 7, 8).

## IV. Conclusion

The court denies the motion for leave to file a second amended complaint. (Docket Entry No. 25). The court grants all three motions to dismiss for lack of personal jurisdiction. (Docket Entry Nos. 6, 7, 8). The court grants the motion for leave to file a sur-reply. (Docket Entry No. 12). The court grants in limited part the motion for judicial notice. (Docket Entry No. 13). The court denies the joint motion to strike. (Docket Entry No. 33).

The case will proceed against Ford Motor Company. The court sets a status conference for August 7, 2026, at 9:10 a.m. CT via Zoom.

SIGNED on June 30, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge